NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEYSI JANETH DE LEON PEREZ, JOSEF DAMIAN CRUZ DE LEON, Petitioners, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-2401 Agency No. A203-566-124; A203-566-123 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2024**
San Francisco, California

Before: CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Deysi Janeth De Leon-Perez and her son Josef Damian Cruz-De Leon ("Petitioners") are natives and citizens of Guatemala.[1] Petitioners seek review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

De Leon testified that she and her friends and family were victims of an armed robbery in 2011 by unknown masked assailants. The assailants took their backpacks and separated the men from the women. When De Leon's uncle resisted, the assailants shot at her uncle several times. De Leon was unharmed in the encounter and did not report the robbery to the police. In 2019, two armed men approached De Leon and her brother, threatening to kill De Leon if she did not make monthly payments to them. De Leon asserts that she has been and will be persecuted on account of her membership in several particular social groups ("PSG"), including "Guatemalan indigenous women," "members of the De Leon family," "Guatemalan domestic workers," "Guatemalan with family in the United States," and "victims of gang crime who applied for asylum in the United States."

On appeal from the IJ's oral decision denying De Leon's claims for asylum,

---

[1] Deysi is the lead petitioner. Josef filed his own asylum application and was listed as a derivative beneficiary of his mother's asylum application.

withholding of removal, and CAT relief, the BIA focused on one dispositive issue: De Leon's failure to establish any nexus between the harms she experienced or feared and a protected ground for relief.[2] "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (citations omitted). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). Under the substantial evidence standard, we uphold the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)).

For both asylum and withholding of removal claims, De Leon must show a nexus between her past harm or feared future harm and a statutorily protected ground. For withholding of removal, De Leon must prove that a protected ground was "a reason" for the persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 351,

---

[2] Before addressing De Leon's arguments on appeal, the BIA noted that she had not challenged the IJ's denial of CAT relief or the IJ's finding of insufficient nexus between De Leon's political opinion regarding gangs and the harms she suffered. Because De Leon failed to exhaust these claims, they are waived. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

358 (9th Cir. 2017).  For asylum, De Leon must show that her membership in a PSG was "one central reason" for the persecution, which is a more demanding standard.  *Id.* at 360; *see* 8 U.S.C. § 1158(b)(1)(B)(i).

Substantial evidence supports the BIA's determination that De Leon failed to meet her burden of establishing that the robbery, extortion, and death threat arose out of her membership in one of the proposed PSGs.  The BIA found that the record supported the conclusion that "individuals targeted [De Leon] in 2011 and 2019 for money and valuables, not because of a protected characteristic."  De Leon's testimony does not compel a contrary conclusion.  Although the assailants in 2011 separated the group based on gender and one assailant touched the legs of her young female friend in a sexually suggestive way, De Leon also testified that the robbers instructed one another "[t]o not harm or do anything to the girls."

As for her 2019 extortion demand and death threat, De Leon testified that the extortionists knew her partner worked in the United States and claimed to know where members of her family lived.  Following the extortion demand, however, De Leon testified that neither she nor her family were threatened or contacted again by the extortionists.  When asked about their potential motive for approaching her, De Leon testified, "I would think that they like to extort people, and they, and they think that one just gathers the money like that."  De Leon's experience, while

harrowing, does not compel the conclusion that her extortionists were motivated by animus toward her family or any reason other than financial gain.

Finally, while De Leon alleges that the BIA and IJ failed to consider relevant evidence of country conditions in making its nexus determination, in particular reports concerning widespread violence against Guatemalan indigenous women, the BIA acknowledged such evidence but concluded that "these isolated and unrelated incidents stemmed from general violence and crime in Guatemala and not on account of a protected ground[.]" *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Because the BIA's nexus determination is dispositive, the BIA did not err in its failure to address whether the government was unable or unwilling to protect De Leon from past or future harm.[3]

---

[3] Because De Leon relies on the same evidence in support of her asylum and withholding of removal claims, substantial evidence supports the BIA's no nexus determination as to both claims. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) ("[W]here, as here, the agency concludes that the petitioner has not shown *any* nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding."). Further, because withholding does not provide derivative status and De Leon's petition failed to advance any withholding arguments on behalf of Josef, they are waived. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004).

**PETITION DENIED.**